# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| HENRY ERIC JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-262 |
| | ) | |
| SPENCER LAWTON, JR.; GREG | ) | |
| McCONNELL; HARRY TRAWICK; | ) | |
| PHILLIP LINDSEY; DETECTIVE | ) | |
| SHARPLEY; and DETECTIVE | ) | |
| McBRAYER, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Henry Eric Johnson has filed a 42 U.S.C. § 1983 complaint coupled with a motion to proceed *in forma pauperis* (IFP). Docs. 1 & 2. Because he is barred from proceeding IFP by 28 U.S.C. § 1915(g)'s three strikes provision, his complaint should be **DISMISSED** without prejudice.

Plaintiffs are generally required to pay a $350 filing fee to institute a civil action in a federal district court. 28 U.S.C. § 1914.

Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under § 1915. But § 1915(g) bars a prisoner from bringing

> a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Prisoners barred from proceeding IFP due to § 1915(g)'s "three strikes" provision, then, must pay the complete $350 filing fee when they initiate suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

A frequent filer, Johnson has clearly exceeded § 1915(g)'s "three strikes" rule. In fact, he has filed numerous civil actions in federal courts all over the state, and at least three of those count as strikes

under § 1915(g). <u>Johnson v. Boone</u>, No. CV599-87 (M.D. Ga. Oct. 29,

2001) (appeal dismissed as frivolous); <u>Johnson v. Johnson</u>, No. CV499-

239 (S.D. Ga. Jan. 10, 2000) (dismissed for failing to state a claim);

<u>Johnson v. Johnson</u>, No. CV495-32 (S.D. Ga. Mar. 21, 1995) (dismissed

as frivolous).[1] Accordingly, without a showing of "imminent danger of

serious physical injury," plaintiff's complaint should be dismissed

without prejudice.

To fit within the "imminent danger" exception, Johnson must

make "specific allegations of present imminent danger that may result

in serious physical harm." <u>Skillern v. Jackson</u>, 2006 WL 1687752, at

*2 (S.D. Ga. June 14, 2006) (citing <u>Brown v. Johnson</u>, 387 F.3d 1344,

1349 (11th Cir. 2004)).    General and conclusory allegations not

grounded in specific facts will not suffice. <u>Margiotti v. Nichols</u>, 2006

WL 1174350, at *2 (N.D. Fla. May 2, 2006).  Nor can "a prisoner . . .

---

[1] Under <u>Rivera v. Allin</u>, "federal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996." 144 F.3d 719, 732 (11th Cir. 1998), <u>abrogated on other grounds by</u> <u>Jones v. Bock</u>, 127 S. Ct. 910 (2007). In addition, the 1994 and 1995 versions of § 1915(d) only permitted a court to dismiss an action "if satisfied that the action is frivolous or malicious."  28 U.S.C. § 1915 (1994). Consequently, any case dismissed under that version of the statute necessarily counts as a strike under its current iteration.

create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff filed this case while incarcerated at Men's State Prison. Doc. 1. He requests monetary compensation for events that he believes denied him a fair trial. Doc. 1 Attach. at 1-8. His claims cannot survive the § 1915(g) bar, however, because he does not contend that he is presently under any danger of physical harm.

Accordingly, Henry Eric Johnson's complaint should be **DISMISSED** without prejudice. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 26th day of January, 2009.

_/s/ _____

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4